Beth K. Findsen (SBN: 023205)
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
E: beth@pricelawgroup.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Laverne Jim, | Case No. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** |
| vs. | 1. MAGNUSON MOSS WARRANT ACT, 15 U.S.C. § 2308 |
| Flagstaff Buick GMC, Inc., | 2. ARIZONA CONSUMER FRAUD ACT, A.R.S. §§ 44-1522 TO 44-1534 |
| Defendant. | 3. NEGLIGENT MISREPRESENTATION |
| | 4. BREACH OF CONTRACT |
| | 5. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |

## **INTRODUCTION**

1. Plaintiff Laverne Jim ("Plaintiff" or "Ms. Jim") through her attorneys, alleges the following against Flagstaff Buick GMC, ("Defendant" or "Flagstaff GMC").

2. Flagstaff Buick, as a matter of practice and policy, misrepresents the

1

condition of its vehicles by failing to fully and accurately disclose the condition of its vehicles to its customers at the time of the sale.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Laverne Jim is a natural person residing in Navajo County, Arizona.

4. Defendant Flagstaff Buick GMC, Inc. is an auto dealer registered with the State of Arizona located at 361 North Switzer Canyon Drive, Flagstaff, Arizona 86001 with its statutory agent located at Jennings Strouss & Salmon PLC, One East Washington, Suite 1900, Phoenix, Arizona 85004.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 2308.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant transacts business in this district, as such personal jurisdiction is established.

## FACTUAL ALLEGATIONS

7. On or about June 8, 2019, Plaintiff purchased a 2019 GMC 1500 ("The Vehicle") from Defendant.

8. To purchase the vehicle, Plaintiff traded in a 2018 Daimler Chrysler 300 LXFL48, worth $20,800, with a negative trade-in deficiency of $20,969.90.

9. The negative trade-in deficiency was added to the sales price of The Vehicle, the ultimately overall sales price of which was $97,116.00.

10. Under the sales agreement, Defendant was required to pay off Plaintiff's car loan with Chrysler Capital for $41,769.90.

2

11. Upon information and belief, Defendant failed to pay off Plaintiff's car loan, and Plaintiff's account fell into arrears as a result.

12. On or about August 15, 2019, Plaintiff received a statement from Chrysler stating that Client had missed a July 15 payment, and a late of $37.61 had been added to the account balance.

13. On or about August 19, 2019, Plaintiff received an email from Rich Beecroft, the General Manager of Flagstaff Buick, informing Plaintiff that he had emailed the owner and the Payoff Manager about the missed payment, and that the matter would be handled "ASAP."

14. On or about August 20, 2019, Plaintiff received a "Notice of Right to Cure Default and Requirement of Strict Compliance" letter from Chrysler Capital.

15. On or about August 30, 2019, Plaintiff went to Flagstaff GMC and talked to a man named Chuck Bailey about the situation. Nothing was resolved.

16. On or about September 18, 2019, Plaintiff called Chrysler Financial to obtain the phone log and/or a copy of the conversations between Chrysler and Defendant since the car was traded in. Chrysler Financial said it could not give out that information.

## COUNT I:
## BREACH OF IMPLIED WARRANTY UNDER MAGNUSON-MOSS WARRANTY ACT

**15 U.S.C. § 2301 et seq.**

17. The representations at the time of the sale of the GMC regarding the trade-in of and payment on the Chrysler constituted an implied warranty under Arizona law, Ariz. Rev. Stat. § 47-2314. This warranty was breached, as those representations were clearly

3

false collection letters Plaintiff has received for the Chrysler.

18. The Vehicle was not merchantable in breach of the implied warranty of merchantability under Ariz. Rev. Stat. § 47-2314 in that it was not fit for the ordinary purposes for which such vehicle was sold.

19. As a result of Northside Ford's breach of warranty, Plaintiffs have suffered damages as alleged above.

20. The breaches of implied warranties under Arizona law constituted violations of the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d), and Plaintiff is entitled to recover actual damages and reasonable attorney's fees.

21. Because the total sales price of this vehicle was $69,942.50, the Magnuson-Moss Warranty Act's $50,000 minimum is met.

## COUNT II:
## VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT
**A.R.S. §§ 44-1522 to 44-1534**

22. Plaintiff incorporates the foregoing paragraphs by reference.

23. Plaintiff hereby sues Defendant Flagstaff GMC under the Arizona Consumer Fraud Act.

24. Plaintiff is a natural person within the meaning of A.R.S. §§ 44-1521(6).

25. Defendant Flagstaff GMC is considered "a person" within the meaning of A.R.S. §§ 44-1521(6) because it is a business entity; therefore, Defendant can be sued under the Arizona Consumer Fraud Act.

26. The Vehicle referred to in this complaint is "merchandise" within the

meaning of A.R.S. § 44-1521(5), because it is an object, ware, or good.

27. The agreement to pay off Plaintiff's car loan for the 2018 Chrysler was a misrepresentation made in connection with the sale of the 2019 GMC under A.R.S. § 44-1522(A).

28. A.R.S. §§ 44-1522 declares it unlawful to act, use or employ any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

29. Essentially, the representation made by Flagstaff GMC to Plaintiff to pay off the remaining balance on the Chrysler car loan was an act, use, or employment of deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation or concealment, suppression or omission of a material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale and/or advertisement of the Cruz in violation of the Arizona Consumer Fraud Act.

30. Defendant's conduct, as set forth above, including agreeing to pay off the Chrysler car loan and then subsequently failing to make a payment, was a clear misrepresentation and false promise within the meaning of A.R.S. § 44-1522.

31. Plaintiff and other Arizona consumers rely on Flagstaff GMC to adhere to the promises it makes to pay off loans on vehicles traded in as part of its vehicle sales.

32. Flagstaff GMC's use or employment of any deception, deceptive or unfair

act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission was in violation of A.R.S. § 44-1522.

33. Defendant's actions, policies and practices, as alleged herein, were intentional, willful, and implemented with reckless disregard in violation of the Arizona Consumer Fraud Act.

34. Plaintiff suffered emotional and economic injury as a consequent and proximate result of Defendants conduct in violation of the Arizona Consumer Fraud Act.

35. Because of Defendant's conduct, in violation of the Arizona Consumer Fraud Act, Plaintiff is entitled to recover actual and punitive damages from Defendant.

36. Pursuant to the Arizona Consumer Fraud Act, Plaintiff seeks monetary relief for damages based on Defendant's conduct in violation of the Arizona Consumer Fraud Act in an amount to be determined at trial.

### COUNT III: NEGLIGENT MISREPRESENTATION

37. Plaintiff incorporates paragraphs one (1) through sixteen (16) herein by reference.

38. Plaintiff hereby sues Defendant for Negligent Misrepresentation.

39. In the course of the sale of the 2019 GMC, and the trade-in of the 2018 Chrysler, Defendant falsely promised to pay off the loan on the 2018 Chrysler.

40. Defendant intended for, or could reasonably foresee, that Plaintiff would rely on Defendant's promise to pay off the 2018 Chrysler car loan.

41. Defendant failed to exercise reasonable care in obtaining or communicating accurate information in connection with paying off the Chrysler to Plaintiffs.

42. Plaintiff relied on Defendant's false promise provided in the course of the sale of the GMC.

43. Plaintiff's reliance on the promise Defendant provided to Plaintiff was justified.

44. Plaintiff's justified reliance on the false promise from Defendant caused Plaintiff harm.

45. For the harm caused by Defendant in connection with the sale and financing of the GMC, Plaintiff is entitled to recover economic and non-economic damages in an amount to be determined at trial caused by their justified reliance on the incorrect and incomplete information Defendant gave to Plaintiff.

### COUNT IV:
### BREACH OF CONTRACT

46. Plaintiff incorporates paragraphs one (1) through forty (40) herein by reference.

47. Under the sales agreement, Defendant was required to pay off Plaintiff's car loan with Chrysler Capital for $41,769.90.

48. The sales agreement was a contract.

49. Defendant breached the contract by failing to pay off Plaintiff's car loan with Chrysler Capital for $41,769.90.

50. Plaintiff was damaged by Defendant's material breach of contract in failing

7

to pay off the contract.

51. As a direct and proximate consequence of Defendant's material breach of contract, Plaintiff suffered economic and non-economic damages (emotional distress) and respectfully requests all damages allowable by law, in an amount to be proven at trial, including out-of-pocket losses and unpaid loans, as well as expectancy damages for lost past, present and future profits, goodwill impairment, emotional distress, and other damages as may be discovered.

52. Plaintiff respectfully further requests costs of this action and attorneys' fees pursuant to A.R.S. §§12-341, 12-341.01.

## COUNT V:
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

53. Plaintiff incorporates paragraphs one (1) through sixteen (16) herein by reference.

54. Under the sales agreement, Defendant was required to pay off Plaintiff's car loan with Chrysler Capital for $41,769.90.

55. The sales agreement was a contract.

56. By failing to pay off Plaintiff's Chrysler vehicle, Defendant prevented Plaintiff from receiving the benefits and entitlements of the contract, namely the benefit of having her traded-in car paid off.

57. Because Defendant deprive Plaintiff of the full benefits and entitlements of the agreement, Defendant violated the implied covenant of good faith and fair dealing, which is present in every contract.

58. As a direct and proximate consequence of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff suffered economic and non-economic damages (emotional distress) and respectfully requests all damages allowable by law, in an amount to be proven at trial, including out-of-pocket losses and unpaid loans, as well as expectancy damages for lost past, present and future profits, goodwill impairment, emotional distress, and other damages as may be discovered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Laverne Jim, pray that this Court enter Judgment in her favor and against Defendant Flagstaff Buick GMC, as follows:

a. An award of actual damages including any compensatory, incidental, or consequential damages commensurate with proof at trial for the acts complained of herein; and

b. Equitable relief finding that the purchase contract was rendered voidable;

c. For pre- and post-judgment interest on any amounts awarded herein at the maximum lawful rate from the date of its rendition until paid in full; and,

d. For costs, interest and actual reasonable attorneys' fees pursuant to 15 U.S.C.§ 2310(d)(2); and

e. Any and all equitable relief and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Arizona Rules of Civil Procedure, Plaintiffs demand trial by jury of all issues so triable.

1
2   RESPECTFULLY SUBMITTED this 7th day of February 2020.
3
4
5                                              By: */s/ Beth K. Findsen*
                                               Beth K. Findsen (SBN: 023205)
6                                              **PRICE LAW GROUP, APC**
                                               8245 N. 85th Way
7                                              Scottsdale, AZ 85258
8                                              T: (818) 600-5575
                                               E: beth@pricelawgroup.com
9                                              *Attorney for Plaintiff*
10                                             *Laverne Jim*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28